UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

WAYNE LAFERRIERE,

Plaintiff,

v.                                                          Cause No. 1:24-CV-006-PPS-APR

CHRIS NEWTON, *et al.*,

Defendants.

## OPINION AND ORDER

Wayne LaFerriere, a prisoner without a lawyer, filed a complaint under 42 U.S.C.

§ 1983. [DE 1.] As required by 28 U.S.C. § 1915A, I must screen the complaint and

dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such

relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual

matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. LaFerriere is

proceeding without counsel, I must give his allegations liberal construction. *Erickson v.

Pardus*, 551 U.S. 89, 94 (2007).

Mr. LaFerriere is being detained at the Huntington County Jail and claims to

suffer from epilepsy and degenerative disc disease. He claims that on January 2, 2024,

he was transported to the courthouse in Huntington County by jail staff for a hearing.

He was shackled and wearing a "belly chain." He was instructed by Officers Clint Thompkins and Ilene Mettler to walk up some marble steps, but while doing so he had an epileptic seizure and fell backwards, exacerbating his back problems and causing new injury to his neck, foot, and leg. He lost consciousness and was transported to a private hospital for treatment. He claims he was discharged without a proper assessment of his injuries after Officer Spillman (first name unknown), who transported him to the hospital, told hospital staff that the jail would be responsible for the bill.

Upon his return to the jail, Nurse Ashley Tinkle immediately "cleared" him to be released to general population without providing him any treatment, even though he told her he could not turn his head and had pain in his foot, back, and leg. He asked for further assessment of his injuries but Nurse Ashley allegedly responded, "No." He additionally claims that Nurse Ashley discontinued his epilepsy medication when he arrived in the jail in December, which in his view was a contributing factor to the incident at the courthouse. The following day he submitted a request for medical care, but Jail Commander Debbie Meier allegedly "declined" his request. He claims to be in need of treatment for injuries he suffered in the fall, as well as adequate medication to control his epilepsy. Based on these events, he sues seven defendants for monetary damages and injunctive relief.

Because Mr. LaFerriere is a pretrial detainee, his rights arise under the

Fourteenth Amendment.[1] *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To

assert a Fourteenth Amendment violation based on the denial of medical care, a

detainee must allege: "(1) there was an objectively serious medical need; (2) the

defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that

act was objectively unreasonable under the circumstances in terms of responding to the

[plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or

perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.,*

*Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted).

In determining whether a challenged action is objectively unreasonable, I must consider

the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

It is not enough for the plaintiff to allege "negligence or gross negligence." *Miranda*, 900

F.3d at 353-54.

Giving Mr. LaFerriere the inferences to which he is entitled at this stage, he has

alleged a serious medical need, namely, epilepsy and injuries to his head, neck, back,

and foot suffered in a fall. He claims Nurse Ashley ignored his requests for care and

terminated his epilepsy medication. It is not clear that a nurse would have the authority

to prescribe or terminate medication, but his complaint can be read to allege that she

---

[1] It appears from public records that Mr. LaFerriere is being held on an alleged probation violation. *See State v. LaFerriere*, No. 35C01-2103-F5-000101 (Huntington Cir. Ct., docket entry Dec. 4, 2023). The Seventh Circuit has not yet decided whether a person in custody pursuant to an "unadjudicated probation violation . . . fits within the Eighth Amendment or the Fourteenth Amendment framework." *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 614 n. 3 (7th Cir. 2022). I will presume here that the more generous Fourteenth Amendment standard governs his claim.

failed to take action to have him assessed by a doctor and instead blocked his medical requests. Likewise, he claims that Commander Meier denied his request for medical care, which prevented him from being seen by a doctor, even though he complained to her about painful injuries he suffered in the fall. He will be permitted to proceed against these defendants on a claim for damages under the Fourteenth Amendment.

The complaint can also be read to allege that he has an ongoing need for medical treatment for epilepsy and the injuries he suffered in the fall. Commander Meier is an appropriate person to ensure he receives the care he is entitled to under the Fourteenth Amendment. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). He will be permitted to proceed on a claim against Commander Meier in her official capacity for injunctive relief related to his ongoing need for medical treatment.

He also sues Huntington County Sheriff Chris Newton, but there is no plausible basis to infer that the Sheriff was personally involved in these events; instead, Mr. LaFerriere appears to be trying to hold him liable as the official overseeing operations at the jail. Likewise, he names Sergeant Dan Cowen as a defendant but does not mention him in the narrative section or allege that he had personal involvement in these events. These defendants cannot be held liable for damages solely because of their supervisory positions. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). They will be dismissed.

He also sues Officer Spillman, but there is no indication from his allegations this officer had any involvement in these events, other than to transport him to the hospital

and to tell hospital staff (accurately) that the jail would be responsible for Mr. LaFerriere's bill. The fact that hospital staff may have given him short shrift after that is not a basis to hold Officer Spillman liable for damages. *Burks*, 555 F.3d at 596 ("public employees are responsible for their own misdeeds but not for anyone else's"). He has not plausibly alleged a violation of his constitutional rights by this officer.

He also sues Officers Thompkins and Mettler for requiring him to walk up the stairs in the first place. The "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.*

I must consider the "totality of facts and circumstances," *Mays*, 974 F.3d at 819, and I cannot plausibly infer from his allegations that the officers required him to walk up the stairs to punish him. There is also no indication from his complaint that they were aware he had epilepsy or had any warning he might suffer a seizure. Although he was shackled, it does not appear from his allegations this was anything out of the ordinary. Requiring a detainee entering a public courthouse to wear restraints cannot be considered arbitrary or purposeless in this context. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to

preserve internal order and discipline and to maintain institutional security."). He believes it would have been better for the officers to use an elevator, but at most this suggests negligence on their part, which does not give rise to a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353. The officers will be dismissed.

Finally, within his complaint he seeks a preliminary injunction to obtain treatment for the injuries he suffered in the fall and medication to control his epilepsy while this case is pending. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, I do not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, I must

make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions "requiring an affirmative act by the defendant" like the one Mr. LaFerriere seeks are "cautiously viewed and sparingly issued." *Mays*, 974 F.3d at 818. In the prison context, my ability to grant injunctive relief is particularly limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in the correctional setting). In light of these limitations, I will order Commander Meier to respond before taking further action on Mr. LaFerriere's request for a preliminary injunction.

For these reasons, the Court:

(1) GRANTS the plaintiff leave to proceed against Nurse Ashley Tinkle and Jail Commander Debbie Meier for monetary damages for denying him needed medical treatment for epilepsy and injuries suffered in a fall in January 2024 in violation of the Fourteenth Amendment;

(2) GRANTS the plaintiff leave to proceed against the Commander of the Huntington County Jail in her official capacity to obtain medical care for epilepsy and injuries suffered in a fall as required by the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Chris Newton, Clint Thompkins, Ilene Mettler, Dan Cowen, and Spillman as defendants;

(5) DIRECTS the clerk to separately docket the complaint [DE 1] as a motion for a preliminary injunction;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Huntington County Jail Commander by fax or email at the Huntington County Jail along with a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Ashley Tinkle at Quality Care and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Huntington County Sheriff's Office and Quality Care to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(9) ORDERS the Huntington County Jail Commander to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **February 21, 2024**,

with supporting documentation and declarations from staff as necessary, addressing

the plaintiff's current medical condition and what treatment, if any, he has been

provided; and

(10) ORDERS Commander Debbie Meier and Nurse Ashley Tinkle to respond, as

provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the

claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on January 10, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON JUDGE
UNITED STATES DISTRICT COURT